UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBERT FARRINGTON
TRUSS-EL #180879,

      Plaintiff,

v.

PETER GOODREAU, *et al.*,

      Defendants.

Case No. 2:05-cv-103

HON. RICHARD ALAN ENSLEN

**OPINION**

      This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), "no action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Because Plaintiff has failed to demonstrate exhaustion of available administrative remedies, the Court will dismiss his complaint without prejudice.

**Discussion**

    I.    Factual allegations

      Plaintiff is presently incarcerated at the Baraga Maximum Correctional Facility (AMF). In his *pro se* complaint, he sues Defendants Peter Goodreau, Unknown Hoover, Unknown Miller, Unknown Parties who are employed as Supervisors of Maintenance and Plumbing Departments at AMF, Unknown Store Supervisor, Unknown Parties employed as Supervisors accountable for staff misconduct, Unknown Sergeant Green, Unknown Sergeant McClellan, Sergeant

Randy Hay, Unknown Parties employed as Sergeants on Mid-shift, Sergeant Robert Warr, Resident Unit Officer Heatly, Health Service Employee LaChance, Deputy Warden Kathy Edlund, Warden Tim Luoma, and Case Manager Sweeney.

Plaintiff claims that Defendants engaged in a variety of wrongful acts against him, including sexual harassment, personal abuse, torture, threats and general harassment. Plaintiff makes a conclusory allegation that Defendants have been deliberately indifferent to his serious medical needs, that he has been denied access to the law library and the yard, that his food trays have been tampered with and that his cell has been bugged. In addition, Plaintiff claims that he has been subjected to false disciplinary charges in retaliation for his conduct in attempting to seek redress of grievances. Plaintiff further claims that something has been placed in the water line "like a remote control a small device" that is used to inflict pain on Plaintiff.

Plaintiff does not specify whether he filed any grievances addressing the allegations in his complaint. For relief, Plaintiff requests compensatory and punitive damages, as well as equitable relief.

II.     Lack of exhaustion of available administrative remedies

Plaintiff has failed to sufficiently allege and show exhaustion of available administrative remedies. Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter*, 534 U.S. at 516; *Booth*, 532 U.S. at 741. A district

court must enforce the exhaustion requirement *sua sponte*. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999).

A prisoner must allege and show that he has exhausted all available administrative remedies and should attach to his § 1983 complaint the administrative decision disposing of his complaint, if the decision is available.[1] *Brown*, 139 F.3d at 1104. In the absence of written documentation, the prisoner must describe with specificity the administrative proceeding and its outcome so that the court may determine what claims, if any, have been exhausted. *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000). A prisoner must specifically mention the involved parties in the grievance to make prison officials aware of the problems so that the prison has a chance to address the claims before they reach federal court. *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001).

Plaintiff's claims are the type of claims that may be grieved. *See* MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ E (may grieve "alleged violations of policy and procedure or unsatisfactory conditions of confinement") (effective Nov. 1, 2000); ¶ J (may grieve acts of reprisal for using the grievance process or for assisting others in filing grievances) (effective Oct. 11, 1999 and Nov. 1, 2000).

The burden to allege and show exhaustion belongs to Plaintiff. *See* 42 U.S.C. § 1997e(a); *Knuckles El*, 215 F.3d at 642; *Brown*, 139 F.3d at 1104. This requirement is "so that the district court may intelligently decide if the issues raised can be decided on the merits." *Knuckles El*, 215 F.3d at 642. Plaintiff does not specify whether he filed any grievances on this issue. A

---

[1] To assist prisoners in meeting this requirement, this Court advises prisoners to attach copies of documents evidencing exhaustion in its form complaint. The form complaint, which is required by local rule, is disseminated to all the prisons. *See* W.D. MICH. LCIVR 5.6(a). Plaintiff has chosen to forego use of the form complaint in this action.

plaintiff must provide the decisions reflecting the administrative disposition of his claims or other evidence showing that he has exhausted his remedies. *Williams v. McGinnis*, No. 98-1042, 1999 WL 183345, at *1 (6th Cir. Mar. 16, 1999). The Sixth Circuit has found that the district court is not required to hold evidentiary hearings on the issue of exhaustion or "spend a lot of time with each case just trying to find out whether it has jurisdiction to reach the merits." *See Knuckles El*, 215 F.3d at 642. Accordingly, the Court finds that Plaintiff has failed to demonstrate exhaustion of available administrative remedies.

It is not clear whether Plaintiff may still grieve his claims. Under the policy of the prison, complaints must be resolved expeditiously, and complaints may be rejected as untimely. *See* Policy Directive 03.02.130, ¶¶ G-3, T, V. The Sixth Circuit held that an inmate cannot claim that "he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations." *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) (citing *Wright v. Morris*, 111 F.3d 414, 417 n.3 (6th Cir. 1997)).

Because the exhaustion requirement is no longer discretionary, but is mandatory, the Court does not have the discretion to provide a continuance in the absence of exhaustion. *See Wright*, 111 F.3d at 417. Rather, dismissal of this action without prejudice is appropriate when a prisoner has failed to show that he exhausted available administrative remedies. *See Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999); *Brown*, 139 F.3d at 1104; *White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997); *Bradford v. Moore*, No. 97-1909, 1998 WL 476206, at *1 (6th Cir. Aug. 3, 1998). Dismissal for failing to exhaust available administrative remedies does not relieve a plaintiff from payment of the civil action filing fee. *Omar v. Lesza*, No. 97 C 5817, 1997 WL

534361, at *1 (N.D. Ill. Aug. 26, 1997). Accordingly, the Court will dismiss his action without prejudice.

**Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court will dismiss Plaintiff's action without prejudice because he has failed to show exhaustion as required by 42 U.S.C. § 1997e(a).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

A Judgment consistent with this Opinion will be entered.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>  June 9, 2005 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>UNITED STATES DISTRICT JUDGE |